UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>JOSE ESCOBAR,<br>                           Defendant | 19-CR-828 (ALC)<br><br>**OPINION & ORDER DENYING MOTION TO RECONSIDER DETENTION** |

**ANDREW L. CARTER, JR., United States District Judge:**

On February 25, I ordered Mr. Escobar immured as a risk of flight. On March 19, defense counsel filed a motion to reconsider my earlier decision denying bail, seeking release due to the imbroglio caused by the outbreak of COVID 19, a viral disease spreading rapidly throughout the five boroughs of New York City, the United States, and the world. Defense counsel claims that the MDC, the federal facility that houses Mr. Escobar, is ill-equipped to protect inmates from the disease, and she asserts that the MDC's recent decision to suspend in-person legal visits prevents Mr. Escobar from assisting his counsel in preparing a defense to the serious drug and gun charges he faces.

The motion is based on 18 U.S.C. § 3142 (i). This subsection provides that "The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer

1

determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142 (i).

On March 20, the government opposed; I issued an order on March 23 directing the parties to provide information about the availability of telephonic legal visits and whether, if Mr. Escobar were released, home detention was appropriate or necessary. As directed, the parties responded to my order on March 25. The motion is denied.

1) The Heightened Risk Of COVID 19 Transmission At The MDC—By Itself—Is Not A Compelling Reason To Release Mr. Escobar.

The SARS-CoV-2 virus (coronavirus) that causes COVID 19 is highly contagious. For that reason, the President and the governor of this state, based on the recommendation of the CDC and other medical experts, have encouraged New Yorkers to engage in social distancing. Social distancing means, among other things, keeping at least 6 feet away from other individuals and not congregating in crowds. Lisa Lockerd Margakis, What Is Coronavirus?, https://www.hopkinsmedicine.org/health/conditions-and diseases/coronavirus/coronavirus-social-distancing-and-self-quarantine.

While pre-trial detention distances inmates from society, it is not an ideal context for social distancing. Although the Bureau of Prisons and the MDC are taking precautions to reduce the spread of coronavirus, many experts believe that prisoners are at a heightened risk for exposure to the coronavirus. U.S. v Stephens, 2020 US Dist. LEXIS 47846, citing Joseph Bick, Infection Control in Jails and Prisons, 45 Clinical Infectious Diseases, 1047, 1047 (Oct. 2007), https://www. doi.ors/10.1086/521910.

2

However, since COVID 19 doesn't affect everyone the same way, the heightened risk of exposure, alone, does not justify releasing Mr. Escobar. Individuals over 65 and immunocompromised people and folks with certain pre-existing conditions are more likely to suffer severe consequences than others. Centers for Disease Control, Coronavirus Disease 2019 (COVID 19), Are You at Higher Risk for Severe Illness? http://www.cdc.gov.coronavirus/2019-ncov/specific-groups/high-risk-complications.

Mr. Escobar is 33 years old, much younger than the individuals over 65 who are more likely to develop serious symptoms from the disease, and nothing in defense counsel's submission shows that Mr. Escobar is immunocompromised or has any pre-existing conditions that would amplify the effects of the disease. Although the Court is concerned about the potential health risks to Mr. Escobar, his potentially heightened risk of exposure to the coronavirus without a higher risk of severe illness does not warrant reconsideration of my earlier bail determination.

I note that much about this disease is still unknown, and the situation continues to evolve.

2) Mr. Escobar's Release Is Not Necessary For The Preparation Of His Defense.

In order to try to effectuate social distancing, the MDC has taken certain precautions. Among these is the suspension of in-person legal and social visits. Instead, the facility allows for legal and social visits by telephone. Defense counsel has indicated that she has been allowed a fifteen-minute legal call with Mr. Escobar. While under normal circumstances, phone calls are a poor substitute for an in-person visit, the current context is far from normal, and legal visits for

3

even non-incarcerated defendants would be most safely conducted by telephone or videoconference.

Although releasing Mr. Escobar would provide his attorney greater access and flexibility regarding scheduling of telephone or video calls, nothing in counsel's submission suggests that this is necessary. As the government points out, defense counsel may request weekly calls with her client, and she may request more than fifteen minutes per call. Defense counsel has not demonstrated that she has been denied phone calls with Mr. Escobar or extra time per call. Moreover, unlike the situation in <u>Stephens</u>, there is no scheduled evidentiary hearing or trial in this case. The next scheduled conference is simply a status conference at the end of next month. There are no exigencies requiring greater telephonic or video availability for legal visits.

The motion for reconsideration is denied. Detention continues.

SO ORDERED:
Dated: March 30, 2020
    New York, New York

ANDREW L. CARTER, JR.
United States District Judge